IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLIVER SOUFFLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-488-GPM |
| | ) |
| DOBBS TIRE & AUTO CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff filed a three-count complaint in state court against his former employer claiming retaliatory discharge; retaliation in violation of the Illinois Whistleblower Act, 740 ILCS 174/20; and breach of contract. Defendant removed the action under diversity jurisdiction, as Plaintiff and Defendant are of diverse citizenship and the amount in controversy threshold is satisfied by Plaintiff's request for compensatory and punitive damages, each in excess of $50,000. Defendant moves to dismiss the common law retaliatory discharge and breach of contract claims under Federal Rule of Civil Procedure 12(b)(6). The matter came before the Court for a hearing on September 26, 2005.

A motion to dismiss tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Therefore, the court accepts as true all factual allegations contained in the plaintiff's pleadings and draws all reasonable inferences in his favor. *Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 911 (7th Cir. 1999). The court will dismiss a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

With respect to the retaliatory discharge claim, as set forth on the record during the hearing, Defendant cannot distinguish this case from *Brandon v. Anesthesia & Pain Management Associates, Ltd.*, 277 F.3d 936 (7th Cir. 2002). That case states that "[a] discharged employee may sue her employer for the common law tort of retaliatory discharge if her discharge was in retaliation for certain actions that are protected by the public policy of Illinois, including retaliation for complaints about an employer's unlawful conduct. … [T]he Illinois tort does not require that the employee have reported the allegedly illegal conduct to the authorities, as long as she reported it to the employer." *Brandon*, 277 F.3d at 940-41. "[P]ublic policy concerns what is right and just and what affects the citizens of the State collectively. … [A] matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." *Id.* at 941.

Plaintiff alleges that after he hired a physically impaired individual for a shuttle driver position, Defendant, through its manager(s) and supervisor(s), encouraged him to discriminate against the individual and to cut his hours (Doc. 1, ¶ 9). Plaintiff further alleges that in January and February 2005, he made it clear to Defendant's supervisor(s) and manager(s) that he had no intention of engaging in discriminatory and illegal employment practices (*Id.* at ¶ 10). Taking Plaintiff's allegations as true, it is clear that he reported the alleged unlawful conduct to Defendant. This conduct is prohibited by the Illinois Constitution, Article I, § 19, which proscribes discrimination by an employer against persons with a physical handicap.[1] The public policy of

---

[1]This conduct also is prohibited by federal law under the Americans with Disabilities Act, and *Brandon* instructs that Illinois courts "have explicitly stated that it is a clearly established policy of Illinois to prevent its citizens from violating federal law and that the state's

Illinois is implicated because Plaintiff reported the unlawful conduct and refused to participate in it. *See Brandon*, 277 F.3d at 941 (one of the situations in which the "clear mandate of public policy" standard is met is "when an employee is fired for refusing to engage in illegal conduct or reporting the illegal conduct of others"). Plaintiff has stated a claim for the common law tort of retaliatory discharge.

With respect to the breach of contract claim, Defendant does not dispute that Plaintiff has an employment contract. However, it argues that the contract term is of an indefinite duration, and, therefore, the employment relationship is by law terminable at will. Defendant is correct that, in Illinois, contracts of indefinite duration are terminable at will. *See, e.g., Jespersen v. Minnesota Mining and Mfg. Co.*, 700 N.E.2d 1014, 1017 (Ill. 1998). But this presumption can be overcome by demonstrating that the parties contracted otherwise. *Duldulao v. Saint Mary of Nazareth Hosp. Cent.*, 505 N.E.2d 314, 318 (Ill. 1987). The pertinent contract language, contained in a letter from Defendant to Plaintiff, reads as follows:

> I am pleased to confirm your employment with our firm and your appointment to Store Manager at our Belleville Store on the following basis:
>
> [Salary and Benefits provisions]
>
> As an additional inducement and statement of our mutual committment [sic], Dobbs Tire and Auto Centers proposes to offer gainful employment to you in the capacity and/or future assignments deemed beneficial to both parties as determined by the management of our company and at your option, as long as you wish to work with this firm.
>
> This agreement is obviously terminated by any unlawful or devious actions and/or unproductive and uncooperative attitude on your part.

---

public policy encourages employees to report suspected violations of federal law if that law advances the general welfare of Illinois citizens." *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 942 (7th Cir. 2002).

>We are looking forward to many mutually beneficial years of service and relationship with you.

(Doc. 2, Ex. A)  Under Illinois law, the construction, interpretation, and legal effect of a contract is a question of law for the Court.  Illinois Pattern Jury Instruction 700.00 (citing cases).  Because this case involves a written contract, certain factual issues do not arise as may be presented in cases involving oral employment contracts.  *See, e.g., Taylor v. Canteen Corp.*, 69 F.3d 773, 783, 783 n.3 (7th Cir. 1995) (collecting cases); *Hammond Group Ltd. v. Spalding & Evenflo Cos.*, 69 F.3d 845, 849 (7th Cir. 1995).

As a preliminary matter, this contract is unambiguous.  The fact that it states that Plaintiff is offered gainful employment "as long as" he wishes to work with Defendant is not a provision of indefinite duration.  Rather, a jury could conclude that Defendant promised Plaintiff a job in some capacity for as long as Plaintiff would accept such position.[2]  The language used by Defendant is sufficiently clear and definite such that it is not terminable at will.  *See, e.g., Taylor*, 69 F.3d at 783 (and cases cited therein).  Moreover, the contract is not terminable at will because it contains the condition that the agreement is "obviously terminated by any unlawful or devious actions and/or unproductive and uncooperative attitude" on Plaintiff's part.  *See Donahue v. Rockford Showcase & Fixture Co.*, 230 N.E.2d 278, on rehearing, 230 N.E.2d 281, 282 (Ill. App. Ct. 1967) (a contract that sets forth a condition for termination is not terminable at will).  A jury could find that the contract could only be terminated at Plaintiff's option or because of Plaintiff's unlawful or devious actions or unproductive and uncooperative attitude.  *See Baldwin Piano, Inc. v. Deutsche Wurlitzer*

---

[2]While the Court interprets and construes the effect of the contract as a matter of law, i.e., that this contract is not terminable at will as discussed herein, the ultimate question of breach is for the jury.

*GMBH*, 392 F.3d 881, 884 (7th Cir. 2004) (noting that if Court takes the Illinois Supreme Court's holding in *Jespersen* at face value, then a contract that provides an exclusive list for termination is not terminable at will).

The contract language is clear and unambiguous.  For the foregoing reasons, this contract is not terminable at will as a matter of law.  Defendant drafted this contract and cannot now argue that it did not intend for it to say what it says.  As stated by the Seventh Circuit Court of Appeals in *Baldwin Piano*: "Interpreting contracts so that major clauses fall out usually is not a sensible way to understand the parties' transaction." 392 F.3d at 883.  Defendant's motion to dismiss (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  11/15/2005

s/G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge